Filed 7/18/24  P. v. Tolfree CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B328633 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA092936) |
| v. | |
| DAVONTE KENDRE TOLFREE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Davonte Kendre Tolfree appeals from an order denying his petition for resentencing pursuant to Penal Code section 1172.6.[1]  We affirm.

# II. BACKGROUND

In 2008, a jury found defendant guilty of two counts of willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a)) and found true as to both counts that defendant personally used and discharged a firearm (§ 12022.53, subds. (b)–(d)).  The trial court sentenced defendant to 32 years to life on count 1 and imposed the same sentence on count 2, to be served concurrently.  A different panel of this court affirmed the judgment.  (*People v. Tolfree* (Aug. 12, 2009, B208151) [nonpub. opn.]).

On February 28, 2022, defendant filed a petition for resentencing under section 1172.6[2]; and on June 13, 2022, he filed a revised petition.  On August 11, 2022, the District

---

[1]     Further statutory references are to the Penal Code. Defendant filed his petition pursuant to section 1170.95, which the Legislature renumbered section 1172.6 effective June 30, 2022, with no change in text.  (Stats. 2022, ch. 58, § 10.)  For clarity, we will refer to section 1172.6 throughout this opinion.

[2]     Defendant filed his petition without the assistance of counsel.  By the time the Los Angeles County District Attorney (District Attorney) responded, the trial court had appointed counsel to represent defendant.

Attorney filed an opposition to the petition, attaching, among other documents, the jury instructions from defendant's trial. The District Attorney argued that defendant was ineligible for relief as a matter of law because the jury had not been instructed on aiding and abetting or the natural and probable consequences doctrine. On January 24, 2023, defendant filed a reply.

On January 26, 2023, the trial court denied the petition, concluding that defendant had failed to make a prima facie showing that he was entitled to relief because the record of conviction demonstrated that defendant was the only participant and actual shooter. Defendant timely appealed.

## III. DISCUSSION

Section 1172.6, subdivision (a) provides in relevant part: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ."

Section 1172.6 "creates a procedure for convicted murderers [and attempted murderers] who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Drayton* (2020) 47 Cal.App.5th 965, 973 (*Drayton*), overruled on other grounds by *Lewis, supra*, 11 Cal.5th at p. 963.) "If the petitioner makes a

3

prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'" (*Drayton, supra*, 47 Cal.App.5th at p. 978, quoting Cal. Rules of Court, rule 4.551(c)(1).) '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton,* [*supra*, 47 Cal.App.5th] at p. 978, fn. omitted . . . .) 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Drayton,* [*supra*, 47 Cal.App.5th] at p. 979 . . . .)" (*Lewis, supra*, 11 Cal.5th at p. 971.)

We review de novo the trial court's determination that a defendant failed to make a section 1172.6 prima facie showing. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

Section 1172.6 applies only to attempted murders based on the natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 [section 1172.6, subdivision (a)(1) "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].) The jurors here were not instructed on that doctrine. Nor were they instructed on the felony murder theory or on aiding and abetting.

4

Defendant is accordingly ineligible for relief and the kill zone instruction he now challenges on appeal is inconsequential. (*People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865; *People v. Coley, supra*, 77 Cal.App.5th at p. 548; see also *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

## IV.  DISPOSITION

The order denying defendant's petition for resentencing pursuant to section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

LEE, J.*

---

\*      Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5